IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRIS KEVIN GEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-1751-L-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Chris Kevin Gee, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

**Background**

In 1998, Petitioner was convicted of solicitation of capital murder and two counts of conspiracy to commit capital murder in a single proceeding. He was sentenced to eight years imprisonment for the solicitation count and concurrent terms of 10 years imprisonment, probated for 10 years, for the two conspiracy counts. After serving a term of imprisonment for solicitation, he was released to mandatory supervision on June 28, 2002 and served his mandatory supervision time in a substance abuse felony punishment facility from July 2, 2002 until April 8, 2003. His sentence for the solicitation count was discharged on July 2, 2005. On November 20, 2007, prior to the

expiration of his probation term for the conspiracy convictions, the State moved to revoke Plaintiff's community supervision based on multiple violations of the terms of probation, including convictions for four offenses in Harris County, Texas. Petitioner pled true to the allegations, his supervision was revoked, and he was sentenced to a term of eight years imprisonment. Although he received 1,685 days of time credit, Petitioner was denied credit for his term of imprisonment served for the solicitation count. Petitioner challenged this decision in an application for state post-conviction relief. His writ was denied and dismissed with written order. *See Ex parte Gee*, WR-78,527-01, 2012 WL 5878107 (Tex. Crim. App. Nov. 21, 2012).

Petitioner then filed this action. In two grounds for relief, Petitioner contends that he was subjected to double jeopardy and that the trial court's imposition of concurrent sentences was thwarted by the improper denial of time credit for the period of incarceration between June 1997 and April 2003.

**Legal Standards**

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme

Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

## Analysis

"Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits." *Coker v. Thaler,* 670 F. Supp.2d 541, 546 (N.D. Tex. 2009). Although Respondent requests that the Court dispose of Petitioner's claims on the merits, Respondent notes that Petitioner's application for habeas relief is barred by the Antiterrorism and Effective Death

Penalty Act's statute of limitations. *See* Dkt. No. 21 at 4. The Court need not decide this procedural issue because Petitioner is not entitled to federal habeas relief in any event.

Petitioner contends that he was improperly denied time credit for the period that he served in the Texas Department of Criminal Justice ("TDCJ") between June 1997 and April 2003 in connection with his solicitation conviction, which he believes should have been applied to his sentences for all three offenses. Petitioner's claims were denied and dismissed by the Texas Court of Criminal Appeals on state habeas review. *See Ex parte Gee,* WR-78,527-01, 2012 WL 5878107 (Tex. Crim. App. Nov. 21, 2012) (citing *Ex Parte Ybarra,* 149 S.W.3d 147 (Tex. Crim. App. 2004) & *Ex parte Deeringer,* 210 S.W.3d 616, 618 (Tex. Crim. App. 2006) (a motion for judgment *nunc pro tunc* is the appropriate remedy for seeking pre-sentence jail time credit before the expiration of the presumptive discharge date)).[1]

Petitioner has not established that he was entitled to time credit on his current sentence for the imprisonment imposed for his solicitation conviction. The habeas record indicates that, on June 26, 1998, Petitioner pled guilty to three counts pursuant to a written plea agreement. *See* Dkt. No. 20-3 at 20-24. Under that agreement, Petitioner agreed that he would be sentenced to eight years imprisonment for count

---

[1] It is not clear that the Court of Criminal Appeals considered Petitioner's challenge to the denial of pre-sentence time credit calculations "on the merits." But "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

one and concurrent terms of 10 years imprisonment, probated for 10 years, for counts two and three. *See id.* at 20. Community supervision was not recommended for count one. *See id.* Petitioner also agreed to terms of supervision for counts two and three, which clearly indicate that he would be placed on community supervision for a period of 10 years for the offenses of conspiracy to commit capital murder but that he would receive eight years in TDCJ custody for the solicitation count. *See id.* at 22 & 24. Both judgments also establish that his imprisonment on the solicitation count was separate from his community supervision on the conspiracy counts. *See* Dkt. No. 21-1 at 8-11.

Under Texas law that is applied upon revocation of community supervision, "[n]o part of the time that the defendant is on community supervision shall be considered as any part of the time that he shall be sentenced to serve, except that on revocation, the judge shall credit to the defendant time served" in a substance abuse treatment facility. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(b) (West 2010). That is, Texas law prohibited the trial judge from giving credit for the period of time that Petitioner was on probation and not in custody for his conspiracy convictions once his community supervision was revoked. This is true even though he was serving a term of imprisonment for another count of conviction, because he was not "in jail for the case" for which he was sentenced to community supervision. *See, e.g., Collins v. State*, 318 S.W.3d 471, 473 (Tex. App. – Amarillo, 2010, pet. ref'd) (interpreting TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a)); *see also Blackerby v. State,* No. 03-11-00272-CR, 2012 WL 6097306, at *4-*5 (Tex. App. – Austin, Dec. 5, 2012, no pet.) ("Because the State is not barred by double jeopardy from bringing the two charges independently even though

they arose from the same facts, the time appellant spent in jail on the DWI charge was not for the same 'case' as the later-filed intoxication manslaughter charge. Moreover, appellant has already received credit for all the time he spent in jail after he was arrested on the intoxication manslaughter charge"). Accordingly, Petitioner has not established that he was entitled to time credit on his conspiracy convictions for the period of time during which he was imprisoned for his related solicitation conviction.

To the extent that the state habeas court considered Petitioner's claims on the merits, he has not established that the denial of these claims was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented.

**Recommendation**

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 25, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE